**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Roalston Stevenson Kingston, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-0883 (CKK) |
| | : | |
| Loretta Lynch *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff is a Pennsylvania state prisoner proceeding *pro se*.  In this action captioned "Tort Complaint," plaintiff alleges that on July 22, 2014, he "made simultaneous request-demand/application to the U.S. attorney general, the assistant U.S. attorney general in charge of the civil division/director of the Office of Alien Property, and to the Secretary of Homeland Security – to 'expatriate,' the same to become effective immediately and/or within thirty days" from defendants' receipt of the request.  Compl. ¶ 2.  Since "more than thirty (30) days ha[ve] elapsed" without a response, plaintiff "demands declaratory judgment and judgment against the defendant(s), monetary damages against each defendant, [and] the expatriation requested-demanded initially."  Compl. at 3.  In addition to the Federal Tort Claims Act ("FTCA), 28 U.S.C. §§ 1346, 2671-80, plaintiff invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, the mandamus statute, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201.  Compl. ¶ 1.

The defendants, U.S. Attorney General Loretta E. Lynch, U.S. Homeland Security Secretary Jeh C. Johnson, and an unnamed Assistant U.S. Attorney General, move to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See* Defs.' Mot. to Dismiss,

ECF No. 9.  Upon consideration of the parties' submissions, and for the reasons explained below, the Court will grant defendants' motion, albeit on different grounds from those supporting the motion.

## I.  LEGAL STANDARD

A court must dismiss a case when it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  In doing so, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citations and quotations omitted)).  *See also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th  Cir. 1999)).

"At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

## II. DISCUSSION

As an Article III court, this Court's judicial power is limited to adjudicating actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984).  "In an attempt to give meaning to Article III's case-or-controversy requirement, the courts have developed a series of principles termed 'justiciability doctrines,' among which are standing[,] ripeness, mootness, and the political question doctrine."  *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Allen*, 468 U.S. at 750).  These doctrines incorporate both the prudential elements, which " 'Congress is free to override,' " *id.* (quoting *Fair Employment Council of Greater Wash., Inc. v. BMC Mktg. Corp*., 28 F.3d 1268, 1278 (D.C. Cir. 1994)), and " 'core component[s]' " which are " 'essential and unchanging part[s] of the case-or-controversy requirement of Article III,' " *id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "Ripeness is a requirement of justiciability[.]"  *Am. Historical Ass'n v. Nat'l Archives & Records Admin.*, 516 F. Supp. 2d 90, 103 (D.D.C. 2007).  *See Am. Petroleum Inst. v. E.P.A.*, 683 F.3d 382, 386 (D.C. Cir. 2012) (explaining that "[t]he ripeness doctrine generally deals with when a federal court can or should decide a case").  "In deciding whether an agency's decision is ripe for review, [courts] must examine the 'fitness of the issues for judicial decision' and the 'hardship to the parties of withholding court consideration.' "  *Wyoming Outdoor Council v. U.S. Forest Serv.*, 165 F.3d 43, 48 (D.C. Cir. 1999) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

## 1.  The Equitable Claims Are Not Ripe For Review

Defendants raise valid arguments why each substantive claim fails under Rule 12(b)(6), *see* Supp'g Mem. at 5-8, but this action must end for the simple reason that plaintiff acknowledges that his request to expatriate was not received by Homeland Security as the

agency responsible for such decisions.  *See* Decl. of Albert Eskalis, ECF No. 9-2 (averring that a search utilizing variations of plaintiff's name and his alias located no "inquiries or correspondence related to or regarding renunciation of citizenship").  *See also Hassan v. Ashcroft*, 388 F.3d 661, 664, n.2 (8th Cir. 2004) ("The Homeland Security Act of 2002 transferred functions of the INS to the newly formed Department of Homeland Security . . . . Likewise, the Justice Department issued final rules on February 28, 2003, reorganizing Title 8 of the Code of Federal Regulations to comport with the transfer of the functions of INS.") (citing Pub.L. No. 107–296, 116 Stat. 2135 (Nov. 25, 2002); *Aliens and Nationality; Homeland Security; Reorganization of Regulations*, 68 Fed. Reg. 10349 (March 5, 2003)); *Schnitzler v. United States*, 863 F. Supp. 2d 1, 2 (D.D.C. 2012), *rev'd on unrelated ground*, 761 F.3d 33 (D.C. Cir. 2014) (noting that "other members of this Court have held that 'the responsibility [to decide renunciation requests] lies with the Director of the U.S. Citizenship and Immigration Services . . ., a component of Homeland Security") (quoting *Walker v. Holder*, 714 F. Supp. 2d 44, 47 (D.D.C. 2010) (other citation omitted) (brackets in original)).

In opposing the instant motion, plaintiff avers that: (1) he mailed his request separately to the Department of Justice (DOJ) and the Department of Homeland Security by "U.S. Certified Mail Return Receipt"; (2) "[o]nly one return-receipt in fact returned, that being the receipt showing the mailing to [DOJ]"; and (3) "[t]he return-receipt regarding the mailing to . . . Homeland Security was not returned, as is the repeated practice of the U.S. Postal Service when inmates mail documents to the said department of Homeland Security."  Decl. of Roalston Stevenson Kingston, ECF No. 11 at p.10.

The Court cannot issue a writ of mandamus to compel an agency to act on a request it did not receive.  Moreover, the APA confers jurisdiction on federal courts to review "final agency

action," 5 U.S.C. § 704, which is not the subject of the instant complaint, and "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (citations and internal quotation marks omitted; alteration in original).  In other words, the Court finds that plaintiff's purported equitable claims are not ripe for review.

### 2.  Sovereign Immunity Bars the Claim for Monetary Relief

"The United States is protected from unconsented suit under the ancient common law doctrine of sovereign immunity." *Shuler v. U.S.* 531 F.3d 930, 932-33 (D.C. Cir. 2008) (quoting *Gray v. Bell*, 712 F.2d 490, 506 (D.C. Cir. 1983)).  The United States' consent to suit must be "unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34  (1992). Through the FTCA, Congress has waived the United States' immunity from suit for monetary damages for certain torts committed by "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346 (b)(1).  "[T]he source of substantive liability under the FTCA" is derived from State law.  *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).  The FTCA does not waive the United States' immunity for a claim--such as asserted here--alleging violations of federal law where there is no "analogous dut[y] under local tort law." *Art Metal–U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157-58 (D.C. Cir. 1985).  Whether to approve a request to renounce U.S. citizenship is a federal function governed by federal law.  *See Lozada Colon v. U.S. Dep't of State*, 2 F. Supp. 2d 43, 45 (D.D.C. 1998) ("In § 349 of the Immigration and Nationality Act, 8 U.S.C. § 1481, Congress set forth the circumstances under which a loss of

nationality certification would issue.") (citing *Afroyim v. Rusk*, 387 U.S. 253 (1967); *Vance v. Terrazas*, 444 U.S. 252 (1980)).

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted.  A separate Order accompanies this Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  March 14, 2016